UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4272

SAMUEL L. CHEATHAM, a/k/a Skeet,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-95-123)

Submitted: August 15, 2002

Decided: August 21, 2002

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Kimberly A. Moore, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Samuel Cheatham appeals the district court's revocation of his supervised release and resulting sixty month sentence. Cheatham acknowledges he violated the terms of his supervised release but asserts his sixty-month sentence was excessive and plainly unreasonable. Finding no error, we affirm.

We review the reasonableness of a revocation sentence for abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The recommended guidelines range for Cheatham's sentence was eight to fourteen months. *See U.S. Sentencing Guidelines Manuel* § 7B1.4(a), p.s. (2000).

We find, however, the district court did not abuse its discretion in sentencing Cheatham to the statutory maximum sentence of sixty months. *See* 18 U.S.C. § 3583(e)(3) (2000). The sentencing ranges contained in Chapter Seven of the Guidelines are "non-binding, advisory guides to district courts in supervised release revocation proceedings." *Davis*, 53 F.3d at 642. Once a district court considers Chapter Seven's policy statements, the court is free to exercise its discretion to reject the suggested sentence and impose the statutorily authorized sentence it deems appropriate. *Id.* at 642-43. Because the district court considered the relevant factors in sentencing Cheatham, we find no abuse of discretion in the sentence imposed.

Accordingly, we affirm Cheatham's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*